FILED/REC'D
2026 OCT 13 A 12:52
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

# ATTACHMENT 1

# COMPLAINT FORM

**(for non-prisoner filers without lawyers)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** Western **DISTRICT OF** Wisconsin

(Full name of plaintiff(s))

Jeffrey Jerome Hazuga

vs

(Full name of defendant(s))

See attached Complaint
Michael B. Padden
Arch Insurance Company

Case Number:
26 CV 1022 WMC
(to be supplied by clerk of court)

A. PARTIES

1. Plaintiff is a citizen of Wisconsin (State) and resides at N6894 690th St. Menomonie, WI 54751 (Address)

(If more than one plaintiff is filing, use another piece of paper).

2. Defendant Michael B. Padden / Auch Insurance Company
(Name)

is (if a person or private corporation) a citizen of Minnesota
(State, if known)

and (if a person) resides at 416 N. 59th Ave W. Duluth, MN 55807
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for Padden Law Firm PLLC
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:

1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

See attached Complaint

**Jeffrey J. Hazuga v. Michael B. Padden and Arch Insurance Company**

**Case Number:** (to be supplied by clerk of court)

**CONTINUATION OF SECTION A. PARTIES (Attachment to Page 2)**

**3. Defendant:** Arch Insurance Company **is (if a person or private corporation) a citizen of:** Missouri and New Jersey **and (if a person) resides at / corporate address:** 210 Hudson Street, Suite 300 Jersey City, NJ 07311

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2026 OCT 13 A 12: 53
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

**JEFFREY J. HAZUGA**,Plaintiff,v.

**MICHAEL B. PADDEN**
(MN Atty Reg. No. 0177519),and
**ARCH INSURANCE COMPANY**,Defendants.

26 CV 1022 WMC

Case No. __________Case Type: Civil - Legal Malpractice

**JURY TRIAL DEMANDED**

***COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF CONTRACT, AND BREACH OF FIDUCIARY DUTY***

Plaintiff Jeffrey J. Hazuga, appearing pro se, brings this action against Defendants Michael B. Padden and Arch Insurance Company, alleging as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction). Complete diversity of citizenship exists between the Plaintiff and all Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.
2. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b)(2), as a substantial part of the events, acts, and omissions giving rise to these claims occurred in Dunn and St. Croix Counties, Wisconsin.

## II. PARTIES

3. **Plaintiff:** Jeffrey J. Hazuga is an adult resident and citizen of Dunn County, Wisconsin.
4. **Defendant Padden:** Michael B. Padden is an individual citizen of Minnesota who operated Padden Law Firm, PLLC, out of Lake Elmo, Minnesota. He was formerly licensed to practice law in Minnesota and Wisconsin and was disbarred by the Minnesota

Supreme Court on August 14, 2024, due in part to severe neglect of client matters and lack of diligence.

5. **Defendant Arch Insurance:** Arch Insurance Company is a commercial insurance carrier incorporated under the laws of the State of Missouri, with its principal place of business in the State of New Jersey. It issued a professional liability insurance policy to Defendant Padden covering professional negligence and errors and omissions, and is joined as a Defendant pursuant to Wisconsin's direct action statutes, Wis. Stat. §§ 632.24 and 803.04(2).

## III. FACTUAL ALLEGATIONS

### The Representation Agreement and Negligent Mishandling of Funds

6. In April and May 2023, Plaintiff retained Defendant Padden to provide criminal defense representation. Padden agreed to an upfront retainer of $7,000.00.
7. Falling below the standard of professional care, Defendant Padden negligently failed to properly manage, calendar, and safeguard the $7,000.00 client retainer. Rather than utilizing a compliant IOLTA trust account, Padden negligently commingled funds and instructed Plaintiff to transmit a portion of the retainer to a CashApp account ($Paddenrocks), demonstrating a gross failure to adhere to basic accounting and professional administrative standards.

### Professional Negligence in Criminal Defense (Case Nos. 2021CF000898 & 2021CF000590)

8. On June 14, 2023, Defendant Padden filed a Notice of Retainer as counsel of record in St. Croix County Case No. 2021CF000898, a felony matter carrying a potential maximum sentence of up to 40 years.
9. Demonstrating a severe lack of preparation and competence, Defendant Padden filed a procedurally defective Notice of Withdrawal on July 20, 2023, shortly before critical trial deadlines.
10. On August 4, 2023, the Honorable Scott R. Needham held a hearing regarding this withdrawal. Defendant Padden negligently failed to review his calendar, failed to communicate with the Court, and failed to appear.
11. During the hearing, the Court confirmed Plaintiff had met all financial obligations to Defendant Padden, issued a formal Order denying the withdrawal citing "no good cause," and mandated that Defendant Padden remain the attorney of record for the jury trial scheduled to commence on September 6, 2023.

12. Despite the explicit August 4, 2023 judicial order, Defendant Padden negligently failed to prepare for trial, failed to communicate the court's mandate to his client, and failed to provide any further legal services, completely abandoning his client on the eve of a felony trial.
13. Because a felony trial was imminent, Plaintiff was forced into the open market to secure emergency substitute counsel at premium trial rates to mitigate the immediate harm. Plaintiff retained Attorney John J. Leunig on August 21, 2023, for a flat fee of $40,000.00. Plaintiff was subsequently acquitted of all charges at trial, proving his actual innocence.
14. Due to Defendant Padden's ongoing negligent failure to appear or provide competent counsel in related criminal matters (Case No. 2021CF000590), Plaintiff incurred further emergency mitigation costs of $2,230 to Attorney John C. Lillie III, $10,000 to Attorney William F. Sulton, and $30,000 to Attorney Michael R. Cohen.
15. The $82,230 incurred across substitute counsel represents the emergency premium required to secure competent defense attorneys willing to take over complex felony litigation at the last minute, a direct financial injury proximately caused by Padden's sudden, procedurally defective withdrawal and failure to appear.

**Malpractice and Pleading Errors in Small Claims Litigation (Case No. 2023SC000028)**

16. In St. Croix County small claims Case No. 2023SC000028 against Companion Animal Control LLC (concerning the seizure of Plaintiff's three pet goats), Defendant Padden breached his professional duty of care by negligently drafting the pleadings. Padden asserted an unviable tort claim instead of utilizing the exclusive statutory remedy required by law for the return of seized animals under Wis. Stat. § 173.22.
17. Defendant Padden compounded this legal error by negligently filing a Demand for Trial De Novo, prolonging a procedurally defective lawsuit. Consequently, opposing counsel served a Motion for Summary Judgment and a Motion for Sanctions, triggering the 21-day safe harbor provision under Wis. Stat. § 802.05.
18. Instead of correcting his pleading errors or utilizing the statutory safe harbor to protect his client without penalty, Defendant Padden filed a procedurally improper motion to withdraw.
19. On October 24, 2023, the Court granted the withdrawal but explicitly warned Padden that "Scheduling obligations remain in place," leaving a hard October 30, 2023 response deadline. Defendant Padden negligently failed to calendar this deadline and completely failed to communicate it to Plaintiff.
20. At the exact time Defendant Padden negligently allowed this critical deadline to expire, Plaintiff was incarcerated in the Dunn County Jail (booked October 19, 2023). Due to his

detention and Padden's failure to communicate, Plaintiff was completely unaware of the looming deadline.

21. As a direct and proximate result of Defendant Padden's negligent pleading, failure to utilize the statutory safe harbor, and failure to communicate critical judicial deadlines, the court entered an unopposed default ruling against Plaintiff on November 8, 2023. This specific professional negligence directly caused the permanent loss of Plaintiff's property and the imposition of a $5,388.30 civil judgment against Plaintiff.

**Regulatory Findings, Economic Loss, and Subrogation**

22. On August 14, 2024, the Minnesota Supreme Court disbarred Defendant Padden (*In re Padden*, A23-0080), citing a severe breakdown in professional competence, including gross neglect of client matters, lack of diligence, and the negligent mishandling of client trust funds.
23. Plaintiff has identified $87,618.30 in direct, gross economic losses proximately caused by Defendant Padden's professional negligence ($82,230 in emergency counsel fees plus the $5,388.30 default judgment).
24. The Wisconsin Lawyers' Fund for Client Protection (Claim No. 24-74) reimbursed Plaintiff $3,000 for unearned fees. Plaintiff acknowledges the Fund's subrogation interest in this $3,000.

## IV. CAUSES OF ACTION

***COUNT I: LEGAL MALPRACTICE AND PROFESSIONAL NEGLIGENCE***

**(Against All Defendants)**

25. Plaintiff realleges and incorporates Paragraphs 1 through 24.
26. Defendant Padden owed Plaintiff a professional duty to exercise the reasonable care, skill, and diligence standard among attorneys in Wisconsin.
27. Defendant Padden breached this duty through a series of obvious negligent acts and omissions, including but not limited to: negligently pleading the small claims matter; failing to utilize statutory safe harbors; negligently failing to calendar and appear for scheduled criminal hearings; failing to comply with explicit judicial orders to remain on the case; and failing to communicate critical court deadlines to an incarcerated client.
28. As a direct and proximate result of this professional negligence, Plaintiff suffered severe, foreseeable damages. These damages include incurring $82,230 in emergency substitute counsel fees directly necessitated by Padden's negligent failure to appear for trial, and a

$5,388.30 court sanction caused directly by Padden's pleading errors and missed deadlines.

***COUNT II: BREACH OF CONTRACT***

**(Against Defendant Padden Individually)**

29. Plaintiff realleges and incorporates Paragraphs 1 through 28.
30. Plaintiff paid Defendant Padden $7,000.00 in advance legal fees.
31. Defendant Padden materially breached the representation agreements by abandoning the client, failing to appear at scheduled hearings, and forcing Plaintiff to procure emergency substitute counsel.

***COUNT III: BREACH OF FIDUCIARY DUTY***

**(Against Defendant Padden Individually)**

32. Plaintiff realleges and incorporates Paragraphs 1 through 31.
33. Defendant Padden breached his fiduciary duties of loyalty, candor, and competent representation by negligently mishandling trust funds via CashApp, failing to communicate critical court notices, and abandoning his client prior to trial.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, as applicable, as follows:

- **A. Compensatory and Consequential Damages:** Awarding total damages of $450,000, which includes $87,618.30 in uncompensated economic losses (substitute counsel reimbursements and court sanctions proximately caused by professional negligence), plus consequential damages.
- **B. Subrogation Satisfaction:** Directing that the separate $3,000 subrogation interest held by the State Bar of Wisconsin Lawyers' Fund for Client Protection (Claim No. 24-74) be satisfied directly from Arch Insurance proceeds, independent of Plaintiff's net recovery.
- **C. Costs and Interest:** Awarding pre-judgment and post-judgment interest, court costs, and disbursements.
- **D. Other Relief:** Granting such other and further relief as the Court deems just and equitable.

***JURY DEMAND***

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 11, 2026

Respectfully submitted,

/s/ Jeffrey J. Hazuga

Jeffrey J. Hazuga, Pro Se
N6894 690th Street
Menomonie, Wisconsin 54751
Telephone: (715) 309-3614
Email: Hazuga4@gmail.com

C. JURISDICTION

☐ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☒ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ 450,000.00

D. RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

* Award Compensatory and Consequential damages totalling $450,000.00

* This total includes $87,618.30 in uncompensated economic losses from substitute counsel reimbursements and court sanctions proximately caused by Professional Negligence!

* Order that the $3,000.00 Subrogation Satisfaction remain independent of the plaintiff's Net Recovery.

* Award Pre-Judgment and Post-Judgement interest, court costs, and disbursements.

E. JURY DEMAND

☒ Jury Demand - I want a jury to hear my case

OR

☐ Court Trial – I want a judge to hear my case

Dated this 11th day of October 2026.

Respectfully Submitted,

[signature]
Signature of Plaintiff

715-309-3614
Plaintiff's Telephone Number

Hazuga90@gmail.com
Plaintiff's Email Address

N6894 690th St.

Menomonie, WI 54751
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.